UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

------------------------------------------------------------------------x
KELLI D. HAKE, et al.,                                          :
                                                                :
                    Plaintiffs,                                 :
                                                                :     Case No.: 17-cv-114 (TJK)
-against-                                                       :
                                                                :
BANK MARKAZI JOMHOURI ISLAMI IRAN, et al.,      :
                                                                :
                    Defendants.                                 :
------------------------------------------------------------------------x

## MOTION FOR LEAVE TO CONDUCT THIRD PARTY DISCOVERY

Plaintiffs respectfully submit this Motion for Leave to Conduct Third-Party Discovery pursuant to Federal Rules of Civil Procedure 26, 30, and 45 in support of Plaintiffs' obligation to prove their claims as to Defendants' liability and Plaintiffs' resulting damages "by evidence satisfactory to the court." 28 U.S.C. § 1608(e).

### Background

Plaintiffs are American service members and family members of American service members who were killed or injured in terrorist attacks while serving in Iraq. Each of the attacks at issue was committed by terrorists directed, armed, trained, funded, and otherwise supported by the Islamic Republic of Iran (inclusive of its agencies and instrumentalities). Second Amended Complaint, ECF No. 23 ("SAC"), ¶¶ 1, 57-67, 127-134. Plaintiffs allege that in order to fund its terror campaign in Iraq and other nefarious activities, Iran, Defendants, and other Iranian agencies and organs conspired with several Western financial institutions to launder dollar-denominated assets through the United States in violation of U.S. and international economic sanctions. *Id.* ¶¶ 5, 12-14, 26-27, 29-35, 47-50. Defendants also conducted illicit trade-finance transactions and disguised financial payments to and from U.S. dollar-denominated accounts resulting in the

transfer of hundreds of millions of U.S. dollars to Hezbollah and the IRGC (both of which are designated terrorist groups and Iranian proxies). *Id.* ¶¶ 5, 12, 26-27. Hezbollah and the IRGC, in turn, directed, trained, armed, supplied and funded Iran's terrorist agents in Iraq in carrying out their attacks against Plaintiffs and their family members. *Id.* ¶¶ 57-83. Therefore, Plaintiffs initiated this action under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 et seq. ("FSIA") against Defendants for "provi[ding] material support or resources" for acts of "extrajudicial killing" or attempted extrajudicial killing. 28 U.S.C. § 1605A(a)(1).

The Clerk of the Court entered defaults against each of the Defendants on July 11, 2017, ECF Nos. 31-33. Pursuant to the Court's order dated April 18, 2018, the Court ordered Plaintiffs (1) to file any motions for third-party discovery by May 17, 2018, (2) to file a brief outlining their theory of liability against Defendants (with relevant case law) and evidence showing that Defendants are agencies or instrumentalities of Iran by June 18, 2018, and (3) file a status report regarding discovery, service of process in the related action *Field v. Bank Markazi Jomhouri Islami Iran*, Civil Case No. 17-2126, and any other relevant developments by September 7, 2018. The Court also denied Plaintiffs' September 20, 2017 motion to take judicial notice of facts, ECF No. 41, with leave to renew.

### Grounds for Granting Leave to Conduct Third Party Discovery

Even though the Defendants have failed to appear in this action, each Plaintiff must still "establish[] his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e). Where a party must present evidence in a default action, third party discovery is appropriate. *See, e.g.*, *Holness v. Nat'l Mobile Television, Inc.*, No. 09-cv-2601-KAM-RML, 2011 WL 1059115, at *4 (E.D.N.Y. Jan. 6, 2011), *report and recommendation adopted as modified*, No. 09-cv-2601-KAM-RML, 2011 WL 1085167 (E.D.N.Y. Mar. 21, 2011); *J & J Sports Prods., Inc. v. Wood*, No.

11-cv-1160-PJH-JSC, 2011 WL 6961334, at *4 (N.D. Cal. Nov. 2, 2011), *report and recommendation adopted*, No. C 11-1160 PJH, 2012 WL 33258 (N.D. Cal. Jan. 6, 2012) ("a defendant's default does not eliminate the opportunity to take third party discovery").

This Court has permitted third party discovery relating to liability in 28 U.S.C. § 1605A default actions like this one. *See* Order, *Fritz v. Islamic Republic of Iran*, No. 15-cv-00456-RDM (D.D.C. Nov. 3, 2017) ("Plaintiffs may issue third-party subpoenas in light of Defendant Islamic Republic of Iran's default") (Moss, J.) ("*Fritz* Order"). Moreover, the FSIA does not add any restrictions to discovery requests against non-sovereign third parties. *See EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 209-10 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250 (2014) (noting that the FSIA does not relate to discovery and permitting discovery against "commercial banks that have no claim to sovereign immunity").

Plaintiffs request leave to conduct third party discovery because under Federal Rule of Civil Procedure 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Because Defendants have defaulted, and Plaintiffs have no reason to believe they will appear in this case, a Rule 26(f) conference will likely not occur. *See, e.g.*, *Alstom Power, Inc. v. Graham*, No. 3:15CV174, 2016 WL 354754, at *2 (E.D. Va. Jan. 27, 2016) ("The Court has 'broad discretion' to supervise discovery. This latitude extends to allowing discovery in the absence of a Rule 26(f) conference.") (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014)); *Fritz* Order.

Plaintiffs propose seeking limited third-party discovery as described below. *First,* Plaintiffs will issue subpoenas or *Touhy* requests for governmental records only as to the following issues:

- Dollar-denominated ("USD") transactions involving any Defendant in this action; and

- Third parties' documents and communications relating to USD transactions with any Defendant that implicate U.S. or state laws and regulations prohibiting such transactions.[1]

*Second*, Plaintiffs will seek discovery only from the following third parties:

- Financial institutions that process or processed dollar-denominated transactions for Defendants;

- Other entities involved in processing dollar-denominated transactions for Defendants, such as the Society for Worldwide Interbank Financial Telecommunication (SWIFT), the Clearing House Interbank Payments System (CHIPS), and FedWire; and

- United States or New York state government agencies that enforce the laws and regulations described above.

*Third*, and as detailed in the Proposed Order annexed hereto, Plaintiffs intend to seek discovery according to the following schedule:

- Plaintiffs will serve all third-party discovery subpoenas and requests by July 2, 2018; and

- Plaintiffs will file any motions to compel production by October 15, 2018.

Dated: April 30, 2018

Respectfully submitted,

OSEN LLC

By /s/ Gary M. Osen
Gary M. Osen (DC Bar No. NJ009)
Ari Ungar (DC Bar No. NJ008)
Michael J. Radine (DC Bar No. NJ015)
2 University Plaza, Suite 402
Hackensack, NJ 07601
Tel. (201) 265-6400
Fax (201) 265-0303

---

[1]     A non-exhaustive list of these laws and regulations include:  The Trading with the Enemy Act (50 U.S.C. §§ 4301 et seq.); the International Emergency Economic Powers Act (35 U.S.C. §§ 1701 et seq.); the Iranian Transactions Regulations (31 C.F.R. part 560); the Iranian Assets Control Regulations (31 C.F.R. Part 535); the Iranian Financial Sanctions Regulations (31 C.F.R. Part 561); the Export Administration Regulations (15 C.F.R. parts 730-774) and New York laws and regulations, including N.Y.B.L. §200-c (Failure to Maintain Accurate Books and Records); P.L. § 195.05 (Obstructing Governmental Administration); 3 N.Y.C.R.R. § 300.1 (Failure to Report Crimes and Misconduct); N.Y.B.L. § 672.1 (Falsification of Books and Reports); P.L. § 175.35 (Offering False Instrument for Filing); and P.L. § 175.10 (Falsifying Business Records).

TURNER & ASSOCIATES, P.A.
C. Tab Turner
4705 Somers Avenue, Suite 100
North Little Rock, AR 72116
Tel. (501) 791-2277

*Attorneys for Plaintiffs*