UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
--------------------------------------------------------------------- x
KELLI D. HAKE, et al.,

          Plaintiffs,

          Case No.: 17-cv-114 (TJK)

-against-

BANK MARKAZI JOMHOURI ISLAMI IRAN, et al.,

          Defendants.
--------------------------------------------------------------------- x

## PROTECTIVE AGREEMENT AND ORDER

**IT IS HEREBY STIPULATED AND AGREED** by Plaintiff Mati Gill ("Gill") and Plaintiffs Kelli D. Hake et al. (collectively, "Plaintiffs") and non-party Bank of China (the "Bank") by and through their respective undersigned counsel, as follows:

    1.    This Protective Agreement (the "Agreement") applies to "Confidential Information," as defined below, produced or otherwise disclosed by Bank to Plaintiffs.

    2.    The term "Confidential Information" as used in this Agreement means any record, document, thing or information that is designated or labeled "Confidential" by Bank.

    3.    Plaintiffs shall have the Agreement entered by the Court in each action before the Bank's Confidential Information is shared with Plaintiffs.

    4.    Confidential Information shall not be used or disclosed for any purpose other than in relation to Plaintiffs' claims against the defendant or defendants in the *Gill* and *Hake* actions (the "Actions").

5. Confidential Information may be used in connection with discovery proceedings in the Actions and as evidence in any application, motion, hearing, trial or other proceeding in the Actions.

6. Once Confidential Information is produced, it may be disclosed, summarized or otherwise communicated in whole or in part only to the following persons, who may make use of such information only in connection with the Actions:

    a. counsel who represent parties in the Actions, and employees and agents of such counsel assisting in the preparation or conduct thereof for use in accordance with this Agreement;

    b. experts or consultants assisting counsel for those parties in the Actions;

    c. potential or anticipated witnesses, and their counsel, in the Actions;

    d. the courts in the Actions;

    e. court reporters employed in connection with the Actions; and

    f. any person that may be examined as a witness at trial in the Actions concerning any Confidential Information.

7. Before counsel may show or disclose Confidential Information to any witness, expert or consultant, except at trial, that witness, expert or consultant shall be provided a copy of this Protective Agreement and Order. Any disclosure of Confidential Information to witnesses, experts and/or consultants must be useful or necessary, in the opinion of counsel, for the preparation for or conduct of the Actions.

8. The inadvertent disclosure by Bank of any information subject to the claim of attorney-client privilege, attorney work-product or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim.

Neither shall this Agreement be construed as requiring Bank or any other branch or subsidiary of the Bank to commit any act that would violate any domestic, federal, state or local law, or any law of a foreign jurisdiction. The inadvertent disclosure in violation of such law shall not be considered a waiver thereof.

9. Plaintiffs and Bank further recognize that the obligations embodied herein shall not apply to information already in the public domain, or information already known to counsel of the Plaintiffs or Plaintiffs, consultants or experts, or information obtained from a third party not under any obligation of confidentiality to Bank regarding the information.

10. Any Confidential Information filed or otherwise submitted in any court proceeding related to the Actions shall be lodged under seal. Any person filing, submitting or otherwise using Confidential Information in any such proceeding shall make a reasonable effort to prevent the Confidential Information from becoming part of the public record, including, without limitation, seeking an order permanently excluding any Confidential Information used in the proceeding from the public record.

11. The obligations under this Protective Agreement and Order shall survive the termination of the Actions and continue to bind Plaintiffs and Bank and the parties to whom Confidential Information is disclosed.

12. This Protective Agreement and Order may be signed by counsel in counterparts with the same force and effect as if all signatures appear on one document and email or facsimile copies of signatures shall have the same force and effect as original signatures.

13. This Agreement shall be governed by, and construed and interpreted in accordance with the law of the State of New York. Any action or proceeding related in any way to this Agreement shall be brought in any State or Federal court located in the 1st Judicial District, State of New York. The parties hereby irrevocably and unconditionally waive trial by jury in any such action or proceeding.

Dated:

By: /s/ *[signature]*
    Gerard Filitti

OSEN LLC
2 University Plaza, Suite 402
Hackensack, NJ 07601
Telephone: 201-265-6400
gfilitti@osenlaw.com

*Counsel for Mati Gill and the Hake Plaintiffs*

By: /s/ Daniel P. Goldberger
    Daniel P. Goldberger

DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019
Telephone: 212-415-9200
goldberger.dan@dorsey.com

*Counsel for Bank of China*

SO ORDERED:

*[signature]* Timothy J Kelly / AKS   8/28/2018
TIMOTHY J. KELLY, USDJ