IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KELLI D. HAKE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BANK MARKAZI JOMHOURI ISLAMI IRAN, *et al.*, <br><br> Defendants. | Civil Action No. 17-114 (TJK) |
| JOSHUA BROOKS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BANK MARKAZI JOMHOURI ISLAMI IRAN, *et al.*, <br><br> Defendants. | Civil Action No. 17-737 (TJK) |
| DONALD FIELD, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BANK MARKAZI JOMHOURI ISLAMI IRAN, *et al.*, <br><br> Defendants. | Civil Action No. 17-2126 (TJK) |

**[PROPOSED] PROTECTIVE ORDER**

Based upon the Court's consideration of this matter, including a Rule 45 third-party subpoena served by Plaintiffs in the above-captioned matters on June 28, 2018, and the unopposed motion by the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") concerning that subpoena, it is hereby ORDERED that OFAC's motion for a protective order is GRANTED. It is further ORDERED that:

1. OFAC is authorized, pursuant to the terms set forth herein, to disclose information responsive to the third-party subpoena served by Plaintiffs in the above-referenced case on June 28, 2018 (the "Subpoena").

2. All information produced in response to the Subpoena, and any portion thereof, is to be deemed confidential ("Confidential Information"), unless Plaintiffs are otherwise advised by OFAC in writing.

3. Confidential Information may be used only for purposes related to the above-captioned matters ("the Litigations"), pursuant to procedures authorized by law, and for no other purpose, except as provided in paragraph 14.

4. No person shall be permitted to have access to Confidential Information, nor shall any person be informed of the substance of the Confidential Information by any person permitted to have access thereto, except as provided in this Order, as otherwise agreed upon by the parties and OFAC in writing, or by order of the Court.

5. Confidential Information shall not be disclosed or distributed to any person or entity other than the following:

   a. the attorneys for parties to the Litigations (including their paralegal, clerical, or other assistants) or in any proceedings incident to the Litigations who have a need therefor in connection with said proceedings;

b. the courts and their support personnel in the Litigations and in any proceedings incident thereto;

c. persons and entities and their counsel served with legal process incident to the seeking of discovery or the collection of a judgment entered in the Litigations;

d. local or federal law enforcement personnel involved in any legal proceedings incident to the Litigations;

e. any other person to whom disclosure is required in order to pursue proceedings incident to the Litigations, pursuant to procedures authorized by law; and

6. To the extent that Confidential Information is disclosed to persons described in subparagraphs 5(c)–(e), only those portions of the Confidential Information that are necessary for each specific proceeding incident to the Litigations shall be disclosed to such persons. All persons described in subparagraphs 5(a)–(e) above shall be provided with a copy of this Protective Order and are hereby restricted to using Confidential Information only for purposes directly related to the Litigations and not for any other litigation or proceeding or for any business, commercial, competitive, personal, or other purpose. Photocopies of documents containing Confidential Information shall be made only to the extent necessary to facilitate the permitted use hereunder.

7. Confidential Information shall not be disclosed to any person or persons described under subparagraph 5(e) unless and until such person has been shown this Protective Order and has agreed in writing to be bound by its terms, by signing a copy of the attached Acknowledgment form. A copy of each executed Acknowledgment shall be kept by counsel for the party on behalf of which disclosure is made pursuant to subparagraph 5(e).

8. The termination of the Litigations or any proceeding incident to the Litigations shall not relieve any person or party provided Confidential Information of his, her, or its obligations under this Order.

9. All Confidential Information that is filed with any court, and any pleadings, motions, exhibits, or other papers filed with the court, referencing or containing Confidential Information, shall be filed under seal and kept under seal until further order of the Court.

10. Within sixty (60) days of the resolution of the last proceeding incident to the Litigations by settlement or final judgment, and the termination of any appeals therefrom, all Confidential Information, and copies thereof, shall be promptly destroyed, provided that counsel may retain one complete set of any such materials that were presented in any form to the Court. Any such retained materials shall be placed in an envelope or envelopes marked "Confidential Information Subject to Protective Order," and to which shall be attached a copy of this Order.

11. The provisions of this Order restricting the use and disclosure of Confidential Information shall not apply to documents or other information which were, are, or become public knowledge not in violation of this Order, including information obtained by Plaintiffs through the Freedom of Information Act.

12. Entry of this Order constitutes only a determination that OFAC is authorized to disclose information as provided herein under the Trade Secrets Act. Entry of this Order does not constitute a determination as to any right, privilege, or immunity OFAC may have with respect to the Subpoena, or any objection(s) OFAC may have to the Subpoena. OFAC's disclosure of information pursuant to this Order shall not constitute a waiver of any right, privilege, or immunity OFAC may have with respect to such information, nor does it constitute a

determination by OFAC with respect to any legal rights that any party may have in any proceedings incident to the Litigations.

13. Entry of this Order shall not prohibit the United States or any agency, department, officer, or employee thereof, from using or disclosing Confidential Information for any other purposes authorized by law. Entry of this Order does not prohibit subsequent disclosure of Confidential Information directly to OFAC or to counsel for the United States.

14. Entry of this Order is without prejudice to the Plaintiffs' use of the Confidential Information in another proceeding either (i) with permission from OFAC (including, as necessary, entry of a protective order in that case or modification of this Order) or (ii) with leave from the court supervising that proceeding, on notice to OFAC.

Dated: October 23, 2018

JESSIE K. LIU, D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: /s/ Dina Gielchinsky
Dina Gielchinsky, DC Bar #NJ011
OSEN LLC
2 University Plaza, Suite 402
Hackensack, NJ 07601
Phone: (201) 265-6400
Fax: (201) 265-0303
Email: dgielchinsky@osenlaw.com

*Counsel for Plaintiffs*

By: /s/
JASON T. COHEN, ME Bar #004465
Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 252-2523
Fax: (202) 252-2599
Email: jason.cohen@usdoj.gov

*Counsel for the Office of Foreign Assets Control*

IT IS SO ORDERED, this 12th day of November, 2018.

_____
TIMOTHY J. KELLY, USDJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KELLI D. HAKE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BANK MARKAZI JOMHOURI ISLAMI IRAN, *et al.*, <br><br> Defendants. | Civil Action No. 17-114 (TJK) |
| JOSHUA BROOKS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BANK MARKAZI JOMHOURI ISLAMI IRAN, *et al.*, <br><br> Defendants. | Civil Action No. 17-737 (TJK) |
| DONALD FIELD, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BANK MARKAZI JOMHOURI ISLAMI IRAN, *et al.*, <br><br> Defendants. | Civil Action No. 17-2126 (TJK) |

### ACKNOWLEDGMENT OF PROTECTIVE ORDER

The undersigned hereby declares under penalty of perjury that he or she has read the Protective Order entered in the United States District Court for the District of Columbia in the above-captioned actions, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any

Confidential Information made available to him or her other than in strict compliance with the Order. The undersigned acknowledges that his or her duties under the Order shall survive termination of these case and are permanently binding and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

_____
Signature

_____
Print Name

DATED: