UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

------------------------------------------------------------------ x
KELLI D. HAKE, et al.,

        Plaintiffs,

                                                  Case No.: 17-cv-114 (TJK)

-against-

BANK MARKAZI JOMHOURI ISLAMI IRAN, et al.,

        Defendants.
------------------------------------------------------------------ x

## PROTECTIVE AGREEMENT AND ORDER

**IT IS HEREBY STIPULATED AND AGREED** by Plaintiffs Kelli D. Hake, et al. and non-party BNP Paribas - New York Branch (the "Bank") by and through their respective undersigned counsel, as follows:

1. This Protective Agreement (the "Agreement") applies to "Confidential Information," as defined below, produced or otherwise disclosed by the Bank to Plaintiffs.

2. The term "Confidential Information" as used in this Agreement means any record, document, thing or information that is designated or labeled "Confidential" by the Bank.

3. Plaintiffs shall have the Agreement entered by the Court in the above-captioned action (the "Action") before the Bank's Confidential Information is shared with Plaintiffs.

4. Confidential Information shall not be used or disclosed for any purpose other than in relation to Plaintiffs' claims in the Action against the Defendants.

5. Confidential Information may be used in connection with discovery proceedings in the Action and as evidence in any application, motion, hearing, trial or other proceeding in the Action.

6. Once Confidential Information is produced, it may be disclosed, summarized or otherwise communicated in whole or in part only to the following persons, who may make use of such information only in connection with the Action:

   a. counsel who represent parties in the Action, and employees and agents of such counsel assisting in the preparation or conduct thereof for use in accordance with this Agreement;

   b. experts or consultants assisting counsel for those parties in the Action;

   c. potential or anticipated witnesses, and their counsel, in the Action;

   d. the court in the Action;

   e. court reporters employed in connection with the Action; and

   f. any person that may be examined as a witness at trial in the Action concerning any Confidential Information.

7. Before counsel may show or disclose Confidential Information to any witness, expert or consultant, except at trial, that witness, expert or consultant shall be provided a copy of this Protective Agreement and Order. Any disclosure of Confidential Information to witnesses, experts and/or consultants must be useful or necessary, in the opinion of counsel, for the preparation for or conduct of the Action.

8. The inadvertent disclosure by Bank of any information subject to the claim of attorney-client privilege, attorney work-product or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim. Neither shall this Agreement be construed as requiring Bank or any other branch or subsidiary of the Bank to commit any act that would violate any domestic, federal, state or local law, or any law of a foreign jurisdiction. The inadvertent disclosure in violation of such law shall not be considered a waiver thereof.

9. Plaintiffs and Bank further recognize that the obligations embodied herein shall not apply to information already in the public domain, or information already known to counsel of the Plaintiffs or Plaintiffs, consultants or experts, or information obtained from a third party not under any obligation of confidentiality to Bank regarding the information.

10. Any Confidential Information filed or otherwise submitted in any court proceeding related to the Action shall be lodged under seal. Any person filing, submitting or otherwise using Confidential Information in any such proceeding shall make a reasonable effort to prevent the Confidential Information from becoming part of the public record, including, without limitation, seeking an order permanently excluding any Confidential Information used in the proceeding from the public record.

11. The obligations under this Agreement and Order shall survive the termination of the Action and continue to bind Plaintiffs and the Bank and the parties to whom Confidential Information is disclosed.

12. This Agreement and Order may be signed by counsel in counterparts with the same force and effect as if all signatures appear on one document and email or facsimile copies of signatures shall have the same force and effect as original signatures.

13. This Agreement shall be governed by, and construed and interpreted in accordance with the law of the State of New York. Any Action or proceeding related in any way to this Agreement shall be brought in any State or Federal court located in the 1st Judicial District, State of New York. The parties hereby irrevocably and unconditionally waive trial by jury in any such Action or proceeding.

Dated: New York, New York
      January _14_, 2019

OSEN LLC

By: _____
Gerard Filitti
(gfilitti@osenlaw.com)
2 University Plaza, Suite 402
Hackensack, New Jersey 07601

*Attorneys for Plaintiffs*

Dated: New York, New York
      January _14_, 2019

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
Carmine D. Boccuzzi, Jr.
(cboccuzzi@cgsh.com)
One Liberty Plaza
New York, New York 10006

*Attorneys for BNP Paribas, New York Branch*

SO ORDERED:

_____
TIMOTHY J. KELLY, USDJ
Dated: January 22, 2019