UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

KELLI D. HAKE et al.,

                   Plaintiff,              Case No. 17-cv-114 (TJK)

    -against-

BANK MARKAZI JOMHOURI ISLAMI
IRAN, et al.

                 Defendants.

---

## PROTECTIVE AGREEMENT AND ORDER

**IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiffs Kelli D. Hake et al. ("Plaintiffs"), on the one hand, and non-party Intesa Sanpaolo S.p.A. (the "Bank"), on the other hand, by and through their respective undersigned counsel, as follows:

1.      This Protective Agreement and Order applies to "Confidential Information," as defined below, that the Bank produces or otherwise discloses to Plaintiffs in response to a non-party subpoena that Plaintiffs have served on the Bank in the *Hake* action (the "Subpoena").

2.      The term "Confidential Information" as used in this Agreement means any record, spreadsheet or other document produced by the Bank in response to the Subpoena that the Bank designates or labels as "Confidential," including any information recorded or contained within such documents. For the avoidance of doubt, "Confidential Information" as used in this Agreement shall not include information derived exclusively from any public source or through discovery in another matter that is not subject to a protective order or confidentiality agreement, regardless of whether such information is duplicative of the information contained in the documents produced by the Bank.

3.     Plaintiffs shall have this Protective Agreement and Order entered by the Court in the *Hake* action before the Bank's Confidential Information is produced to Plaintiffs in response to the Subpoena.

4.     Neither Plaintiffs nor their counsel shall use the Bank's Confidential Information for any purpose other than to pursue Plaintiffs' claims against, or enforce their judgment against, the defendant or defendants in the *Hake* action, except as provided in ¶5 below.  Neither Plaintiffs nor their counsel may disclose the Bank's Confidential Information in the litigations entitled *Gill v. Islamic Republic of Iran*, No. 15-cv-02272 (RBW), pending in the United States District Court for the District of Columbia, *Freeman et al. v. HSBC Holdings PLC et al.*, No. 14-CV-6601 (DLI)(CLP), pending in the United States District Court for the Eastern District of New York, and *O'Sullivan et al. v. Deutsche Bank AG et al.*, 17 Civ. 8709 (LTS)(GWG),[1] pending in the United States District Court for the Southern District of New York, or in any other proceeding, except as provided in ¶5 below.

5.     Plaintiffs may use or disclose the Bank's Confidential Information in any proceeding other than *Hake* (including in *Freeman* or any other proceeding) only (a) if the Confidential Information is disclosed to Plaintiffs by a source other than the Bank without violating this Agreement and Order, and disclosure by Plaintiffs would not violate any other confidentiality obligation or (b) with the Bank's consent or, if such consent is withheld, pursuant to a court order granting a motion for relief from this Agreement and Order or otherwise permitting or ordering disclosure of the Confidential Information.  Any motion filed by Plaintiffs pursuant to this subparagraph (b) shall be made on notice to the Bank and filed in the Southern or Eastern District of New York pursuant to ¶ 14 below.  This agreement is without prejudice to Plaintiffs'

---

[1] Neither Plaintiffs nor their counsel are connected to or affiliated with the *O'Sullivan et al. v. Deutsche Bank* plaintiffs or counsel.

right to request these documents from the Bank in another action by subpoena or other discovery device. Notwithstanding anything else to the contrary, the Bank does not waive any objections it may seek to make to any future document requests or subpoenas.

6.    Confidential Information may be used in connection with discovery proceedings in the *Hake* action and as evidence in any application, motion, hearing, trial or other proceeding in that action.

7.    Once Confidential Information is produced by the Bank to Plaintiffs, it may be disclosed, summarized or otherwise communicated, in whole or in part, only to the following persons, who may make use of such information only in connection with the *Hake* action:

   a.  Counsel who represent parties in the *Hake* action, and employees and agents of such counsel who assist them in the preparation for or conduct of the proceedings in that action;

   b.  Experts or consultants assisting counsel for the parties in the *Hake* action, but only after any such experts or consultants have signed the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order, as set forth in ¶8 below;

   c.  Potential or anticipated witnesses, and their counsel, in the *Hake* action, but only after any such witnesses have signed the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order, as set forth in ¶8 below;

   d.  The courts in the *Hake* action;

   e.  Court reporters employed in connection with the *Hake* action; and

   f.  Any person who may be examined as a witness at trial in the *Hake* action concerning any Confidential Information.

8.    Before counsel may show or disclose Confidential Information to any witness, expert or consultant, except at trial, that witness, expert or consultant shall be provided with a copy of this Protective Agreement and Order and must sign the agreement, annexed as Exhibit A, to be

bound by Protective Agreement and Order. Any disclosure of Confidential Information to witnesses, experts or consultants must be useful or necessary, in the opinion of counsel, for the conduct of the proceedings in the *Hake* action.

9.      The inadvertent disclosure by the Bank of information subject to a claim of attorney-client privilege, attorney work-product or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim. Nor shall this Protective Agreement and Order be construed as requiring the Bank, or any branch or subsidiary thereof, to commit any act that would violate any domestic, federal, state or local law, or any law of a foreign jurisdiction. The inadvertent disclosure in violation of any such law shall not be considered a waiver thereof.

10.      Plaintiffs and the Bank further recognize that the obligations embodied herein shall apply only to the Confidential Information produced by the Bank, and shall not apply to information derived exclusively from other sources, including information already in the public domain, or information already known to counsel of the Plaintiffs or Plaintiffs, consultants or experts, or information obtained from a third party not under any obligation of confidentiality to the Bank regarding the information. If Plaintiffs believe any Confidential Information produced by the Bank should no longer be designated as "Confidential" in light of such information, Plaintiffs may request that the Bank withdraw its "Confidential" designation. In the event of an impasse, Plaintiffs may challenge the "Confidential" designation in a motion on notice to the Bank. Such motion shall be filed in the Southern District of New York pursuant to ¶14 below.

11.      Any Confidential Information filed or otherwise submitted in any court proceeding in the *Hake* action shall be filed under seal unless the Bank expressly waives that requirement in writing. Absent such a waiver, any person filing, submitting or otherwise using Confidential

Information in any proceeding in *Hake* shall make a reasonable effort to prevent the Confidential Information from becoming part of the public record, including but not limited to seeking an order permanently excluding any Confidential Information used in the proceeding from the public record.

12.     The obligations under this Protective Agreement and Order shall survive the termination of the *Hake* action and shall continue to bind Plaintiffs, the Bank and any persons to whom Confidential Information is disclosed pursuant to this Protective Agreement and Order.

13.     This Protective Agreement and Order may be signed by counsel in counterparts, which shall have the same force and effect as if all signatures appeared on one document. Email or facsimile copies of signatures shall also have the same force and effect as original signatures.

14.     This Protective Agreement and Order shall be governed by, and construed in accordance with, the law of the State of New York. Any action or proceeding related in any way to this Protective Agreement and Order shall be brought in and resolved by the United States District Courts for the Southern or the Eastern District of New York. The parties hereby irrevocably and unconditionally waive trial by jury in any such action or proceeding or the right to contest personal jurisdiction or venue in the Southern or Eastern District of New York.

Dated:   January 25, 2019

OSEN LLC

By: _____
    Gerard Filitti
2 University Plaza, Suite 402
Hackensack, NJ
(201) 265-6400
gfilitti@osenlaw.com
*Attorneys for Hake Plaintiffs*

DAVIS POLK & WARDWELL LLP

By: _____
    Gina Cora
450 Lexington Ave.
New York, NY 10017
(212) 450-4132
gina.cora@davispolk.com
*Attorneys for Intesa Sanpaolo S.p.A.*


SO ORDERED:

_____
TIMOTHY J. KELLY, USDJ

## EXHIBIT A TO PROTECTIVE AGREEMENT AND ORDER

## AGREEMENT TO BE BOUND BY PROTECTIVE AGREEMENT AND ORDER

I, _____, under penalty of perjury under the laws of the United States of America state as follows.

My residence address is: _____

_____

My current employer is: _____

_____

My business address is: _____

_____

My business telephone is: _____

I have read and understand in its entirety the Protective Agreement and Order that was issued by the United States District Court for the District of Columbia in the case of *Hake et al. v. Islamic Republic of Iran*, Case No. 17-cv-114 (TJK).

I agree to comply with and to be bound by all the terms of this Protective Agreement and Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court, money damages, interim or final injunctive relief and/or such other relief that the Court deems appropriate. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Agreement and Order to any person or entity except in strict compliance with its provisions.

Date:_____

City and State (or Country) where sworn and signed:_____

Printed name:_____

Signature:_____