UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

-------------------------------------------------------------------------x
KELLI D. HAKE, et al.,                                :
                                                      :
       Plaintiffs,                                    :
                                                      :   Case No.: 17-cv-114 (TJK)
-against-                                             :
                                                      :
BANK MARKAZI JOMHOURI ISLAMI IRAN, et al.,            :
                                                      :
       Defendants.                                    :
-------------------------------------------------------------------------x

## PLAINTIFFS' NOTICE OF NEW AUTHORITY

Plaintiffs, by and through their undersigned attorneys, respectfully alert the Court to a decision recently issued by the Court of Appeals for the D.C. Circuit in *Borochov v. Islamic Republic of Iran*, No. 22-7058, 2024 U.S. App. LEXIS 5653 (D.C. Cir. Mar. 8, 2024). *Borochov* overturned the prior holdings by "most judges in this District who have considered this issue [which] have determined that the material-support prong of the FSIA's terrorism exception extends to attempted extrajudicial killings," *Cabrera v. Islamic Republic of Iran*, No. 19-cv-3835 (JDB), 2023 U.S. Dist. LEXIS 14874, at *21 (D.D.C. Jan. 27, 2023), including this Court, *see Hake v. Bank Markazi Jomhouri Islami Iran*, No. 17-cv-114 (TJK), 2022 U.S. Dist. LEXIS 163527, at *23 (D.D.C. Sept. 12, 2022) ("'[D]eliberated" *attempts* to kill' also 'fall within the scope' of the statute.'") (emphasis in original) (citing *Karcher v. Islamic Republic of Iran*, 396 F. Supp. 3d 12, 58 (D.D.C. 2019)).

This decision implicates three of the seven attacks for which this Court previously entered partial default judgment against Defendants on September 12, 2022: (i) the March 17, 2008, attack, *see id.* at *5-6; (ii) the May 9, 2008, attack, *see id.* at *7-8; and (iii) the May 17, 2009, attack, *see id.* at *8. As discussed below, Plaintiffs' *current* evidence does not indicate that any of these

attacks resulted in a death.

Following the entry of that Order, and this Court's instructions in its October 31, 2022, Minute Order to "submit to this Court all orders and opinions issued in *Karcher v. Islamic Republic of Iran*, No. 16-cv-232-CKK (D.D.C.), *Stearns v. Islamic Republic of Iran*, No. 17-cv-131-RCL (D.D.C.), and *Lee v. Islamic Republic of Iran*, No. 19-cv-830-APM (D.D.C.), of which Plaintiffs ask this Court to take judicial notice," Plaintiffs filed their Motion for the Court to Take Judicial Notice of Orders in *Karcher v. Islamic Republic of Iran* and *Stearns v. Islamic Republic of Iran*, and to Grant Judgments to Certain Plaintiffs in This Case, on January 11, 2024, *see* ECF No. 123.

In that motion, Plaintiffs requested that this Court take judicial notice of, *inter alia*, the awards issued by the *Karcher* court for the following overlapping Plaintiffs in the March 17, 2008, and May 17, 2009, attacks (the *Karcher* court has not yet issued an award for the overlapping Plaintiff in the May 9, 2008, attack):

| **Attack** | **Plaintiff** |
|---|---|
| May 17, 2009 | SSG (Ret.) Robert Canine (WIA), Second Amended Complaint ("SAC"), ECF No. 23, ¶ 1081 |
| | Janet Jones (mother of WIA), SAC ¶ 1094 |
| | Calvin Canine (father of WIA), SAC ¶ 1095 |
| | James Canine (brother of WIA), SAC ¶ 1096 |
| March 17, 2008 | SPC (Ret.) Christopher Levi (WIA), SAC ¶ 772 |
| | Eric Levi (father of WIA), SAC ¶ 781 |
| | Debra Levi (mother of WIA), SAC ¶ 782 |
| | Kimberly Vesey (sister of WIA), SAC ¶ 784 |
| | Emily Levi (sister of WIA), SAC ¶ 783 |

Although the contemporaneously made military records Plaintiffs submitted in *Karcher* do not reflect deaths of service members at the time of these attacks, some of these attacks may have resulted in the deliberated deaths of others, such as interpreters or civilian bystanders, or they may have resulted in deaths that occurred subsequently as a result of these attacks. Plaintiffs' counsel

2

is accordingly making further detailed inquiries into each of these attacks and will submit further proffers to both the *Karcher* court and this Court of any identified fatalities in the form of sworn affidavits or other satisfactory evidence where applicable. *See* 28 U.S.C. § 1608(e). Plaintiffs' counsel (who appeared in and argued the *Borochov* appeal on a *pro bono* basis) also petitioned the D.C. Circuit for a rehearing *en banc* yesterday, No. 22-7058 (D.C. Cir. Apr. 8, 2024).

Plaintiffs thus respectfully request that this Court hold in abeyance a ruling regarding the overlapping Plaintiffs in these two attacks until further legal and factual issues resulting from the *Borochov* decision are resolved. In the interim, Plaintiffs will only make further submissions in this case of orders and opinions regarding attacks for which there is evidence of fatalities. Additionally, the other attacks and awards submitted for judicial notice in Plaintiffs' January 11, 2024, filing, ECF No. 123, are wholly unaffected by the *Borochov* decision, and Plaintiffs respectfully request that the Court continue reviewing that motion on its current schedule.

Plaintiffs appreciate the Court's attention to this matter and are available by telephone or in person should the Court wish to discuss any aspect of the matters discussed herein.

Dated: April 9, 2024

                Respectfully submitted,

                OSEN LLC

By:    /s/ Gary M. Osen
        Gary M. Osen (DC Bar No. NJ009)
        Ari Ungar (DC Bar No. NJ008)
        Michael J. Radine (DC Bar No. NJ015)
        Dina Gielchinsky (DC Bar No. NJ011)
        190 Moore Street, Suite 272
        Hackensack, NJ 07601
        Tel. (201) 265-6400

>TURNER & ASSOCIATES, P.A.
>C. Tab Turner
>4705 Somers Avenue, Suite 100
>North Little Rock, AR 72116
>Tel. (501) 791-2277
>
>*Attorneys for Plaintiffs*